FILED

APR 25 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SA24CA0440 OG

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>Plaintiff,<br><br>v.<br><br>DANIEL GILBERT FIELDS and ERIC DOE,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS AND COMMERCIAL CODE<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE CASE

1. This action seeks to remedy the unlawful and intrusive telemarketing practices of Defendants, Daniel Gilbert Fields ("Fields") and Eric Doe ("Doe"), who have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commercial Code, Chapter 302 ("Tex. Bus. & Com. Code"), by initiating unwanted telemarketing calls to Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega") without his consent and in disregard of his status on the National Do Not Call Registry, causing him frustration, annoyance, and a sense of privacy invasion.

## BACKGROUND ON THE TCPA

2. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

3. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. See *Omnibus TCPA Order*, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

4. The private right of action provided by the TCPA is essential to curbing these violations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302. While the Texas Business and Commercial Code, Chapter 302, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

7. In this instance, the claims under the Tex. Bus. & Com. Code § 302, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' alleged telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them

together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302.

8. This Court has personal jurisdiction over Defendants as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

10. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant Daniel Gilbert Fields is a natural person residing in San Marcos, CA. Upon information and belief, Defendant Fields is engaged in the business of offering franchise opportunities, doing so in his individual capacity and not as part of a formally registered business entity. Despite diligent efforts and reasonable inquiry, Plaintiff has been unable to locate any record of a business entity registered in the State of California or San Diego County under the name "Franchise Consultant Group" or any similar variation, as referenced by Defendant Fields in his communications with Plaintiff. Consequently, Plaintiff asserts that Defendant Fields operates as a sole proprietor and should be held personally liable for the violations alleged herein.

13. Defendant Eric Doe is an individual whose true legal name is currently unknown to Plaintiff but who acted in concert with Defendant Fields in the acts described herein. Plaintiff will amend this Complaint to reflect Doe's true legal name when ascertained.

14. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

15. Seeking respite from the relentless intrusion of unwanted telemarketing calls, Plaintiff diligently registered his cellular telephone number, 210-744-XXXX ("Plaintiff's Number"), with the National Do Not Call Registry over twelve years prior to the events leading to this action. This registration served as a clear and unequivocal expression of Plaintiff's desire to be free from the nuisance and invasion of privacy caused by unsolicited telemarketing calls.

16. Plaintiff has never granted express consent to Defendants, or any entity affiliated with them, to receive telemarketing calls.

17. Despite Plaintiff's proactive efforts to protect his privacy, on March 14, 2024, at approximately 3:31 PM CST, Plaintiff's cellular telephone, a device predominately intended for personal communication, was disrupted by an unsolicited and unwanted call. This intrusion, originating from the telephone number (830) 208-XXXX, represented a blatant disregard for Plaintiff's right to privacy and freedom from unwanted solicitations.

18. The call originated from the telephone number (830) 208-XXXX.

19. Upon answering, Plaintiff was connected to an individual identifying himself as "Eric" (Defendant Doe), who proceeded to engage in telemarketing, attempting to sell Plaintiff a franchise opportunity.

20. Doe informed Plaintiff that his partner, "Dan Fields," would follow up via email regarding the franchise opportunity.

21. Subsequently, on March 14, 2024, at approximately 5:04 PM CST, Plaintiff received an email from Defendant Fields at mortega@utexas.edu, reiterating the franchise opportunity and seeking a consultation.

22. Upon information and belief, Defendants Fields and Doe acted in concert with a shared purpose to solicit Plaintiff. The pattern and frequency of similar unsolicited calls suggest a high probability of numerous violations by Defendants and their affiliates, constituting a willful and knowing disregard for the TCPA and the Texas Business and Commercial Code.

23. Upon information and belief, neither Defendant Fields nor any affiliated entity is registered as a telemarketer in Texas, as required by Tex. Bus. & Com. Code § 302.101.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5))

24. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 23.

25. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

26. Defendant called Plaintiff for solicitation purposes despite the fact his number had been on the Do Not Call Registry since 2012.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, and absent bona fide error or good faith mistake.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
### Violation of the Texas Business and Commercial Code
### (Tex. Bus. & Com. Code § 302.101)

30.  Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 23.

31.  The actions of Defendants, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), as they initiated telephone calls to induce Plaintiff to purchase an item, specifically a franchise opportunity.

32.  Defendant Doe acted as an authorized "salesperson" as defined under Tex. Bus. & Com. Code § 302.001(4), being employed or authorized by Defendant Fields or an entity affiliated with Defendant Fields to make telephone solicitations.

33.  Defendant Fields, as the principal or entity on whose behalf the telephone solicitations were made, is considered the "seller" under § 302.001 of the Texas Business and Commercial Code, and bears the responsibility for ensuring compliance with the Act's registration requirements.

34.  Despite engaging in telemarketing activities through an authorized salesperson within the State of Texas, Defendants failed to obtain the required registration certificate as mandated by Tex. Bus. & Com. Code § 302.101(a), demonstrating a clear violation of the Texas Business and Commercial Code and its consumer protection provisions.

35.  §302.302(a) of the Texas Business & Commercial Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Award Plaintiff all damages available under the TCPA, including statutory damages of $500.00 for each violation of 47 U.S.C. § 227(c), or $1,500.00 for each willful or knowing violation.

B. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 302, including statutory damages of $5,000 per violation as provided under Tex. Bus. & Com. Code § 302.302(a).

C. Award Plaintiff actual damages suffered as provided under 47 U.S.C. §227(c)(5)(A)) and Tex. Bus. & Com. Code § 302.302 at trial.

D. Issue a permanent injunction prohibiting Defendants from further calls to Plaintiff in violation of the TCPA as provided under 47 U.S.C. § 227(b)(3) and (c)).

E. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a).

F. Grant any other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Mark Anthony Ortega**, demands a jury trial in this case.

Dated: April 22, 2024                    Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se

By: _____

mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663