UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| DANIEL GILBERT FIELDS and ERIC DOE, | § § § | SA-24-CV-440-OLG (HJB) |
| Defendants. | § § § | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss.  (Docket Entry 8.)  Pretrial matters have been referred to the undersigned.  (Docket Entry 3.)  For the reasons set out below, the motion (Docket Entry 8) must be **STRICKEN** for noncompliance with the District Court's conference requirement.

Plaintiff's complaint alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and related provisions of the Texas Business and Commerce Code. (Docket Entry 1.)   Defendant has filed a motion to dismiss Plaintiff's for failure to state a clam for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under the procedures established by the District Court, a defendant is required, before filing a Rule 12(b)(6) motion to dismiss, to "first confer with opposing counsel concerning the proposed deficiencies" in Plaintiff's complaint.  QUESTION 36, COURT FACTS SHEET FOR U.S. DISTRICT JUDGE ORLANDO L. GARCIA (June 3, 2024) (uscourts.gov).  A defendant may not file a Rule 12(b)(6) motion until such time as the plaintiff declines to amend his complaint after having been apprised of its purported deficiencies through this informal conference process.  *Id*.  And when a defendant does file a Rule 12(b)(6) motion, the motion must be accompanied by a

certificate of conference, "expressly stating that the movant complied with this process and noting that the non-movant did not timely amend its pleading." *Id.*

Defendants failed to include a certificate of conference with their motion. Moreover, Plaintiff specifically avers that Defendants "never contacted Plaintiff to discuss the perceived deficiencies in the Complaint." (Docket Entry 9, at 3.) As the Court's policy makes clear, these failures require that the motion be stricken. "The Court will strike any Rule 12(b)(6) Motion to Dismiss if it does not contain the required Certificate of Conference." QUESTION 36, COURT FACTS SHEET FOR U.S. DISTRICT JUDGE ORLANDO L. GARCIA (June 3, 2024) (uscourts.gov).

For the foregoing reasons, Defendants' Motion to Dismiss (Docket Entry 8) is **STRICKEN** for failure to comply with the Court's conference requirement. Defendants may not file any subsequent Rule 12(b)(6) motion without first conferring with Plaintiff regarding the alleged deficiencies in his pleading and otherwise fully complying with Question 36 of the Court's Fact Sheet. *See supra*.

Defendants must either file an answer or a motion that complies with the Court's conference requirement by **September 19, 2024**. *See* FED. R. CIV. P. 12(a)(4).

It is so **ORDERED**.

**SIGNED** on September 5, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge