**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MARK ANTHONY ORTEGA § | |
| Plaintiff, § | |
| § | |
| V. § | Case No SA-24-CV-0440- OG |
| § | |
| DANIEL GILBERT FIELDS and ERIC DOE, § | |
| Defendants. § | |

**DEFENDANT DANIEL GILBERT FIELDS' ANSWER TO AMENDED COMPLAINT**

Defendant Daniel Gilbert Fields files this Answer and Affirmative Defenses to Mark Anthony Ortega's Amended Complaint.

**I.**
**Defendants' Answer to the Complaint**

Defendant Fields generally and specifically denies all allegations in the Complaint not specifically admitted in the paragraphs below and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the Complaint's separately numbered paragraphs Defendant Fields avers as follows:

1. Defendant Fields asserts that no response to paragraph 1 is required, however to the extent a response is required Defendant Fields denies the allegations contained in paragraph 1.

2. Defendant Fields asserts that no response to paragraph 1 is required, however to the extent a response is required Defendant Fields denies the allegations contained in paragraph 2.

3. Defendant Fields asserts that no response to paragraph 1 is required, however to the extent a response is required Defendant Fields denies the allegations contained in paragraph 3.

4. Defendant Fields asserts that no response to paragraph 3 is required, however to the extent a response is required Defendant Fields denies the allegations contained in paragraph 4.

5. Defendant Fields admits that the Court has subject matter jurisdiction over the claims as alleged in the Complaint, but denies the remaining allegations contained in paragraph 5.

6. Defendant Fields admits that the Court has subject matter jurisdiction over the claims as alleged in the Complaint, but denies the remaining allegations contained in paragraph 6.

7. Defendant Fields denies the allegations contained in paragraph 7.

8. Defendant Fields denies the allegations contained in paragraph 8.

9. Defendant Fields denies the allegations contained in paragraph 9.

10. Defendant Fields is without information to admit or deny the allegations contained in paragraph 10 and therefore denies the allegations contained in paragraph 10.

11. Defendant Fields asserts that allegations in paragraph 11. assert a legal conclusion to which no response is required.

12. Defendant Fields admits that he resides in California, but denies the remaining allegations contained in paragraph 12.

13. Defendant Fields denies the allegations contained in paragraph 13.

14. Defendant Fields asserts that the allegations contain in paragraph 14 assert a legal conclusion to which no response is required, however, to the extent that a response is required, Defendant Fields denies the allegations contained in paragraph 14.

15. Defendant Fields denies the allegations contained in paragraph 15.

16. Defendant Fields denies the allegations contained in paragraph 16.

17. Defendant Fields denies the allegations contained in paragraph 17.

18. Defendant Fields denies the allegations contained in paragraph 18.

19. Defendant Fields denies the allegations contained in paragraph 19.

20. Defendant Fields denies the allegations contained in paragraph 20.

21. Defendant Fields denies the allegations contained in paragraph 21.

22. Defendant Fields denies the allegations contained in paragraph 22.

23. Defendant Fields asserts that the allegations contained in paragraph 23 call for legal conclusions to which no response is required, however, to the extent that a response is required, Defendant Fields denies the allegations contained in paragraph 23.

24. No response is required to this paragraph 24. To the extent that a response is required, Defendant incorporates all prior responses.

25. Defendant Fields asserts that paragraph 25 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the allegations contained in paragraph 25.

26. Defendant Fields asserts that paragraph 25 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the allegations contained in paragraph 26.

27. Defendant Fields denies the allegations contained in paragraph 27.

28. Defendant Fields denies the allegations contained in paragraph 28.

29. Defendant Fields denies the allegations contained in paragraph 29.

30. No response is required to this paragraph 30. To the extent that a response is required, Defendant incorporates all prior responses.

31. Defendant Fields asserts that paragraph 31 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the allegations contained in paragraph 31.

32. Defendant Fields asserts that paragraph 32 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the

allegations contained in paragraph 32.

33. Defendant Fields asserts that paragraph 33 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the allegations contained in paragraph 33.

34. Defendant Fields asserts that paragraph 34 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the allegations contained in paragraph 34.

35. Defendant Fields asserts that paragraph 35 calls for legal conclusion to which no response is required, however, to the extent a response is required, Defendant Fields denies the allegations contained in paragraph 35.

## II.
## DEFENDANT'S AFFIRMATIVE DEFENSES

As further answer to the Complaint, Defendant assets the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state a claim, in whole or in party upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Article III Standing)

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to Defendant's alleged conduct, to satisfy Article III standing.

### THIRD AFFIRMATIVE DEFENSE

(No Statutory Standing)

Plaintiff is not within the "zone of interests" protected by the TCPA and thus lacks statutory

standing to assert such claims against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel, Laches, Unclean Hands, Ratification, Satisfaction, and Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, ratification, satisfaction and/or applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

(Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

(First Amendment)

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

## SEVENTH AFFIRMATIVE DEFENSE

(Due Process)

The statutory damages allowed under the TCPA violate Defendant's substantive due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by Plaintiff, which are inconsequential or immaterial.

## EIGHTH AFFIRMATIVE DEFENSE

(Excessive Penalties)

The statutory penalties sought by Plaintiff are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution

### NINTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel

### TENTH AFFIRMATIVE DEFENSE

(Mitigation)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any of his alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### TWELFTH AFFIRMATIVE DEFENSE

(Consent to Call)

Under Section 305.001, Defendant is not liable to Plaintiff because Plaintiff consented to receiving further communication from Defendant

### THIRTEENTH AFFIRMATIVE DEFENSE

(Claims Barred by Other States' Laws)

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs' Own Actions or Inaction)

Plaintiff's damages, and the damages of the members of the putative classes, if any, have been caused by their own action or inaction, including, but not limited to, their provision of prior express consent to receive text message calls and calls.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Substantial Compliance with Law)

Defendant is not liable to Plaintiff or members of the putative classes because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Duplicative Relief)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting Defendant to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

(Not Knowing or Willful)

Plaintiff is precluded from any recovery from Defendant for a willing and knowing violation of the TCPA because any such violation, which Defendant denies occurred, would not have been willful or known.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Loss)

Plaintiff's claims are barred because Plaintiff was not charged for the text messages referenced in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Established Business Relationship)

Plaintiff's claims are barred by the existence of the business relationship exception to claims under the TCPA.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Claims Barred by Other States' Laws)

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled, or which may be developed in the course of discovery.

*[Signature on Next Page]*

Respectfully submitted,

**HENDERSHOT COWART, P.C.**

By: /s/ *Carolyn Carollo*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
CAROLYN CAROLLO
SBN: 24083437
ccarollo@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas  77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809

**ATTORNEYS FOR DEFENDANT DANIEL GILBERT FIELDS**

### CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, I electronically filed the foregoing with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and served a true and correct copy of this document on the parties and/or attorneys of record via the Court's case filing system and via email to mortega@utexas.edu and via first class mail to Plaintiff at PO Box 702099, San Antonio TX 78270.

*/s/ Carolyn Carollo*
CAROLYN CAROLLO