IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br>       Plaintiff,<br><br>v.<br><br>DANIEL GILBERT FIELDS, NICHOLAS FERNANDEZ, and STRATEGIC FRANCHISE LEADS L.L.C, a New Jersey Limited Liability Company<br>       Defendants. | Case No. 24-CV-0440-OLG-HJB |

**PLAINTIFF'S REPLY TO DEFENDANT DANIEL GILBERT FIELDS'
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

  Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega"), proceeding pro se, respectfully files this Reply to Defendant Daniel Gilbert Fields' ("Defendant Fields" or "Fields") Response (ECF No. 39) to Plaintiff's Motion to Compel Discovery Responses and for Sanctions (ECF No. 38).

        **I. INTRODUCTION**

  Defendant Fields' Response fails to justify his continued non-compliance with the Federal Rules of Civil Procedure and his discovery obligations. Despite Plaintiff's good-faith attempts to resolve these issues (ECF No. 38, Exhibits A, C), Defendant Fields persists in relying on improper objections, providing evasive and contradictory answers, failing to provide properly verified Interrogatory responses, and refusing to produce clearly relevant documents within his possession, custody, or control. Defendant Fields' arguments misstate the applicable legal standards and ignore the factual record established by the discovery requests and responses themselves. For the reasons stated in Plaintiff's original Motion and this Reply, the Motion to Compel should be granted in its entirety, and sanctions should be awarded.

1

## II.    ARGUMENT

**A.  Defendant Fields Has Still Failed to Provide Properly Verified Interrogatory Answers.**

Defendant Fields incorrectly claims providing "a declaration" satisfies Rule 33 (ECF No. 39 ¶ 1, 5). Rule 33(b)(3) & (5) unambiguously require Interrogatory answers be "separately and fully in writing under oath" and signed by "[t]he person who makes the answers." The original answers (ECF No. 38-5) lack this mandatory verification by Defendant Fields.

The standalone "DECLARATION" served April 1, 2025 (attached as Exhibit A) does not cure this. First, it is not attached to or incorporated into the answers themselves. Second, it is legally deficient as it lacks the required "under penalty of perjury" language per 28 U.S.C. § 1746 and is undated. Third, its vague statement that Fields "read" the answers and the information is "true and correct" does not specifically verify each answer under oath after reasonable inquiry.

Plaintiff immediately notified Defendant's counsel via email on April 1, 2025, that the declaration was insufficient and proper verification was still required. Counsel never responded, nor were compliant answers provided, thus the answers remain invalid. The Court should compel answers signed by Fields under oath or proper declaration.

**B.  Defendant Fields Failed to Meet His Burden to Justify Objections and Non-Production.**

Defendant Fields fundamentally misapprehends his burden as the party resisting discovery. Fifth Circuit precedent unequivocally holds that the resisting party must specifically demonstrate how each discovery request is objectionable, and unsupported boilerplate objections are invalid. *See Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 281,283 (N.D. Tex. 2017). Fields' Response (ECF No. 39 ¶¶ 6-12) fails to meet this standard.

Fields' objections, including vagueness (ECF No. 39 ¶¶ 9, 11), overbreadth/burden (ECF No. 39 ¶ 7), and relevance, lack the required specificity and evidentiary support. Simply stating a request is "impermissibly overbroad," "unduly burdensome," or "vague" without submitting affidavits or offering evidence detailing the nature of the burden is insufficient. *Baker v. Walters*, 652 F. Supp. 3d 768, 773 (N.D. Tex. 2023); *Heller*, 303 F.R.D. at 490. Such unsupported objections preserve nothing and are improper and ineffective. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 583 (N.D. Tex. 2018). Fields offers no evidence justifying his claims that responding to requests covering the relevant Telephone Consumer Protection Act limitations period (ECF No 38-5, Int. 1) or defining "any measures" (ECF No. 38-5, Int. 12) constitutes an undue burden. His objections are precisely the type of "unsustainable boilerplate" condemned by the courts. *Baker*, 652 F. Supp. 3d at 781; *Samsung*, 321 F.R.D. at 283.

While Fields notes Plaintiff's typo in the *Merrill* citation (478 instead of 467) (ECF No. 39 ¶ 6), the principle from *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. Tex. 2005), requiring explanation and support for objections, reinforces Fields' failure here. Furthermore, Fields mischaracterizes *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990). While involving a protective order, McLeod clearly establishes the resisting party's burden to specifically show undue burden, a burden Fields has not met. *Id.* at 1485. Because Fields failed to substantiate his objections with the required specificity and evidence under controlling Fifth Circuit law, they are improper and should be overruled.

**C. Defendant Fields' Failure to Produce Any Documents is Unjustified.**

Defendant Fields' wholesale failure to produce any documents (ECF No. 38-6) violates Rule 34. His claim that documents simply "do not exist" (ECF No. 39 ¶ 13) is implausible given the admitted email exchange, his contractual relationship with Strategic Franchise Leads ("SFL), and

his use of Hubspot CRM. His assertion that being an "individual" negates his obligation is irrelevant as Rule 34 requires production of documents within his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

"Control" is broadly construed, encompassing not just physical possession but the legal right or practical ability to obtain documents from a nonparty. *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220 (N.D. Tex. 2016). This includes documents Fields has the legal right to obtain from third parties like SFL, his admitted lead generator and agent/consultant. Fields cannot evade production by claiming SFL holds the documents (ECF No. 39 ¶ 14). Defendant must demonstrate a good-faith effort to obtain relevant documents within his constructive possession or control from SFL and confirm that diligent search. Fields unsupported and boilerplate confidentiality objection (ECF No. 38-6, RFP 13) without seeking a protective order or providing a privilege log is improper and preserves nothing. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580-81 (N.D. Tex. 2018). Fields' blanket non-production remains unjustified.

**D. Defendant Fields' Responses to Requests for Admission Remain Improper.**

Defendant Fields' responses to Requests for Admission (ECF No. 38-7, RFA) 6, 7, and 8 fail to comply with Federal Rule of Civil Procedure 36.

Regarding RFAs 6 & 7 (ECF No. 38-7), Fields improperly denies based on an alleged lack of knowledge regarding the timing of Fernandez's preceding call (ECF No. 39 ¶ 16). Rule 36(a)(4) permits asserting lack of knowledge only if the party states they have made a "reasonable inquiry" and readily obtainable information is insufficient. Fed. R. Civ. P. 36(a)(4); *Keycorp v. Holland*, No. 3:14-CV-266-N, 2016 WL 11779773, at *13 (N.D. Tex. Feb. 18, 2016). Crucially, this reasonable inquiry requires obtaining readily available information from third parties. *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406 (N.D. Tex. 2021), Fields admitted receiving Plaintiff's

4

email (ECF No. 38-7, RFA 3), knows when he sent his own preceding email, and information about Fernandez's call timing is readily obtainable through inquiry with Fernandez/SFL, his admitted associate/vendor. His failure to make this inquiry renders his denial based on lack of knowledge improper under Rule 36(a)(4).

Regarding RFA 8 (ECF No. 38-7), Fields' objection that admitting or denying factual registration status under Tex. Bus. & Com. Code § 302.101 calls for an improper legal conclusion (ECF No. 39 ¶ 17) remains incorrect and misapplies Rule 36. Rule 36(a)(1) explicitly permits requests for admission concerning "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).

Here, RFA 8 asks Fields to admit or deny a specific factual matter, whether he is registered as a telemarketer under a particular Texas statute. This is not a request for a pure legal conclusion; rather, it asks for the admission of a verifiable fact directly relevant to Plaintiff's state law claim. See *CHU de Quebec – Universite Laval v. DreamScape Dev. Grp. Holdings, Inc*., No. 4:21-CV-463, 2022 WL 1719405, at *9 (E.D. Tex. May 27, 2022) (overruling vagueness/overbreadth objection to RFA asking if defendant " has never been registered to do business in Texas."). Determining registration status involves a factual inquiry, checking the registry, not abstract legal analysis. Fields' objection is improper, and he must conduct a reasonable inquiry and admit or deny the factual assertion.

Dated: April 10, 2025                                      Respectfully submitted,


                                                          /s/ *Mark Anthony Ortega*
                                                          Mark Anthony Ortega
                                                          Plaintiff, Pro Se
                                                          mortega@utexas.edu
                                                          PO Box 702099
                                                          San Antonio, TX 78270
                                                          Telephone: (210) 744-9663

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, a copy of the foregoing document was served on the following parties by email as well as through the CM/ECF system:

**Carolyn Carollo**
ccarollo@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, TX 77057
713-783-3110
**Attorney for Defendant Daniel Gilbert Fields**

                                                    /s/ *Mark Anthony Ortega*
                                                    Mark Anthony Ortega