**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

JUN 0 2 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Mark Anthony Ortega

                Plaintiff,

DANIEL GILBERT FIELDS, NICHOLAS
FERNANDEZ, and STRATEGIC
FRANCHISE LEADS LLC, a New Jersey
Limited Liability Company

                Defendants,

**Case No. 5:24-cv-00440-OLG-HJB**

### REQUEST TO GRANT DEFENDANTS' MOTION TO DISMISS

Comes now Nicholas Fernandez and Johana Anton, defendants herein, and respectfully request that this Honorable Court dismiss the above-entitled complaint, or alternatively, remand the case for a show cause hearing. For the reasons set forth in the documents filed in support of this motion, good cause exists to grant this motion.

**Respectfully submitted this** 28th **day of** May , 2025

_____
**Nicholas Fernandez**
**Managing Member of Strategic Franchise Leads LLC**

_____
**Johana Anton**
**Owner of Strategic Franchise Leads LLC**

## Understanding of the Case

The Plaintiff Mark Anthony Ortega has  alleged against Nicholas Fernandez, a partner at Strategic Franchise Leads LLC and Daniel Gilbert Fields  intentionally/ repeatedly violated the Customer Protection Act        due the fact that he was on the National Do Not Call Registry.  In doing so it has caused the Plaintiff frustration, annoyance, and his privacy invaded.  While there are accurate depictions of what transpired between the parties there are many allegations that are simply inaccurate, false, and simply exaggerated.

## Background of Strategic Franchise Leads

Nicholas Fernandez partner at Strategic Franchise Leads former resident of 1116 Woodmere Drive in Keyport New Jersey as highlighted in the Plaintiffs complaint is a current resident of 720 W Rockview ave in North Plainfield NJ 07063.  Had been working in the franchise industry for just under three years where he had built many relationships within the industry.  He and the listed owner of Strategic Franchise "Johana Anton" as detailed in the Plaintiffs complaint were expecting a child together in the fall of 2023.  Giving their expectation of a child together Nicholas had decided to utilize his relationships he had built in the franchise industry to create a business surrounded around helping business professionals transition into business ownership through franchise ownership. In doing so it would allow Nicholas to run the company from the residence of 720 W Rockview Ave listed as the company's location in addition to caring for their expecting child.  Johana and Nicholas utilized Johana as the owner while Nicholas remained as a silent partner to secure funding for anticipated startup costs given Johana's preferred credit.  Additionally given Johana's background in accounting and bookkeeping naturally gave her a main role within the company.  While Defendant Nicholas ran the day to day operations leveraging relationships he had built in the past throughout his time within the industry.  While Strategic Franchise Leads LLC is a new company we take the allegations made by Plaintiff  Mr. Marc Anthony Ortega very seriously as no one working at Strategic ever intentionally violated any of the Plaintiff's allegations.  This is this first and only allegations against made against Strategic Franchise Leads, Defendant Nicholas Fernandez, and Defendant  Johana Anton .  Contrary to what the Plaintiffs claims of" intentional ill intent and maliciousness".

Date and Summary of the Incident

On the afternoon of March 14,2024 Nicholas was reaching out to potential candidates that he had prospected through the platform Linkedin, a professional website that professionals utilize to advance their professional network and stay informed about trends throughout the globe. As mentioned previously in the Background of Strategic Franchising Leads, Strategic was a new company which naturally had multiple hats/roles within the company for Defendant Nicholas Fernandez in running operations. In order to separate his roles he would utilize the alias Eric when speaking to potential candidates. When Defendant Nicholas Fernandez connected with the Plaintiff Mr. Ortega; he greeted Mr. Ortega identified as Eric and explained exactly what Strategic did in helping professional transition to business ownership through franchising. At no point in the conversation did Plaintiff Mr. Ortega reveal that he was on the DNC Registry, he was not interested, and he did not wish to be contacted. Defendant Nicholas Fernandez explained that given Plaintiff Mr. Ortega's background that Nicholas had researched via the Linkedin platform thought he would be a great fit for no cost, no obligation service of exploring franchise ownership. Contrary to what Plaintiff Mr. Ortega explains in his allegations of misrepresentation. Furthermore Plaintiff Mr. Ortega said he would be interested in learning more about franchising and wanted to know what the next steps would be. Given Plaintiff Mr. Ortega's seemingly high interest Eric explained that a certified Franchise Consultant would be reaching to him to schedule in more in depth conversation about some potential options that would be sensible in his area. The Plaintiff Mr. Ortega insisted on knowing exactly who would be reaching out so he would make sure he didn't miss the outreach. The Defendant Nicholas explained to the Plaintiff Mr. Ortega that it depended on which consultant deem based on his area logistically and what industries were of interest to Plaintiff Mr. Ortega. The Plaintiff Mr. Ortega explained that his area of interest was "real estate and anything that showed great potential in his area. Typically in speaking to potential prospects they would initially be assinged a consultant however Defendant Nicholas gave the name of " Dan Fields" as mentioned in Plaintiff Mr. Ortega complaint to adhere to Plaintiff Mr. Ortega requested to know exactly who would be reaching . Even though Plaintiff Mr. Ortega could have been paired with a number of Certified Franchise Consultants that Strategic Franchise Leads had been networking with at the time. Defendant Nicholas decided to give the name "Dan Fields" because he knew off the top of his head Defendant Dan Fields was experienced, decorated, and flexible in working with many people in educating about the Franchise Industry. The incident explained by Plaintiff Mr. Ortega is simply untrue in many instances. Plaintiff Mr. Ortega claims that he was reached out before by the company in which he never answered. No text neither voicemails were ever left to Plaintiff Mr. Ortega by anyone from Strategic

Franchise Leads. Plaintiff Mr. Ortega claims in the one call that was misrepresented he was able to know the name of the company services provided and the consultant that he would be working with all happened in one call that he had no interest in. To the contrary Plaintiff Mr. Ortega requested and was persistant in Defendant Dan Fields reaching out. At any point of Plaintiff Mr. Ortega conversation with the Defendant Nicholas he indicated that he had been on the registry or lack of interest, he would have never been referred to Defendant Dan Fields , all communication would have ceased. Furthermore as described Texas Business and Commerce Code § 302.101 Strategic was not a seller and was not working on behalf of any agents as claimed by Plaintiff Mr. Ortega that Strategic was working under the direction of Defendant Dan Fields

Texas Business and Commerce Code § 302.101 cause of action must be dismissed because Ortega did not plausibly allege is a "seller" as contemplated by the statute. *ECF No. 18 at 10-11*. § 302.101 makes it a violation for "a seller" to "make a telephone solicitation . . . to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101. § 302.001 defines a "seller" as "a person who makes a telephone solicitation on the person's own behalf." *Id.* § 302.001(5). A "telephone solicitation" is further defined as "a telephone call" made "to induce a person to purchase, rent, claim, or receive an item." *Id.* § 302.001(7). The Code instructs courts to apply the scheme liberally to protect persons "against false, misleading, or deceptive practices in the telephone solicitation business." *Id.* § 302.003. Moreover, the statute places the burden of proving an exemption on the party "claiming the exemption" in civil proceedings. *Id.* § 302.051.

Plaintiff Mr. Ortega claims that he was being sold a franchise opportunity which simply was not the case. It was a "no cost, no obligation" service that was being provided for Plaintiff Mr. Ortega or anyone in his network to learn more about the franchise industry. The Code instructs courts to apply the scheme liberally to protect persons "against false, misleading, or deceptive practices in the telephone solicitation business." None of which incurred during this incident. Additionally Defendant Nicholas would have no reason to refer to Plaintiff Mr. Ortega to Defendant Dan Fields if Plaintiff Mr. Ortega referenced being on the registry and portrayed a lack of interest in learning more about the franchise industry. In doing so it has damaged the relationship between Defendant Nicholas and Defendant Dan Fields ,and the reputation of the Strategic Franchise Leads. Defendant Dan Fields had no one of knowing that he was on the DNC registry, never instructed to make solicitations on his behalf. Furthermore he himself called Plaintiff Mr. Ortega.

 47 U.S.C. § 227(c) as argued by Ortega cause of action must be dismissed because Ortega pleads connected on only one phone call and one follow up email that Ortega himself requested. 4 ECF No. 18 at 7–8. Under § 227(c), "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action "in an appropriate court." 47 U.S.C. § 227(c)(5). After Defendant Dan Fields

notified Defendant Nicholas Fernandez of Plaintiff Mr. Ortega's request to not be contacted via email, he was never contacted until the current filings has transpired.

Motion For Dismissal

Given the misconstrued allegations of Plaintiff Mr. Ortega's claim that Strategic and/or Defendant Nicholas Fernandez was acting as an agent of an entity in particular is simply not true. Given his presence on a business networking platform he was contacted to learn more about networking in the franchise industry. He was never misled as explained Id. § 302.001(5). A "telephone solicitation" is further defined as "a telephone call" made "to induce a person to purchase, rent, claim, or receive an item." Id. § 302.001(7). The Code instructs courts to apply the scheme liberally to protect persons "against false, misleading, or deceptive practices in the telephone solicitation business." The Plaintiff Mr. Ortega has pursued legal action in many similar cases, such as the Ortega v. Ditomasso and Ortega V. Elite Living Realty LLC are just a couple of examples of where the Plaintiff has a history of filing enhanced allegations on entities in order to receive financial gains. Based on Plaintiff Mr. Ortega's history of filings that are easily obtained with a quick google search it can easily be perceived that Plaintiff Mr. Ortega's filings are well orchestrated as when engaging with entities, Plaintiff Mr. Ortega encourages an additional outreach from the entity to later claim annoyance and demand damages. Contrary to all Defendants listed in this filing have no records of any filings against.

47 U.S.C. § 227(c) as argued by Ortega cause of action must be dismissed because Ortega pleads connected on only one phone call and one follow up email that Ortega himself requested. 4 ECF No. 18 at 7–8. Under § 227(c), "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action "in an appropriate court." 47 U.S.C. § 227(c)(5). After Defendant Dan Fields notified Defendant Nicholas Fernandez of Plaintiff Mr. Ortega's request to not be contacted via email, he was never contacted until the current filings had transpired.

While it's not possible for the Plaintiff Mr.Ortegga to know the relationship between the defendants listed in the filings to make unsubstantiated claims that Defendant Nicholas was instructed or acting as an agent for Defendant Mr Dan Fields is simply untrue and fabricated.

Strategic Franchise Leads LLC and its owners acknowledged that the TCPA was constructed to prevent consumers from being misled. Plaintiff Mr Ortega fails to meet the burden of proof that he was misled when in fact he was the one doing the misleading in his conversation with Defendant Nicholas in fabricating his interest .

Stra
Johana Horton
720 West Rockview Ave.
North Plainfield NJ 07063

POSTAGE PAID
FCM LG ENV
PINE BROOK, NJ 07058
MAY 28, 2025



78207     $6.62

RDC 99     S2324P502804-9

CERTIFIED MAIL

9589 0710 5270 2464 1379 78

RECEIVED
JUN 0 2 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

The Western District of Texas,
San Antonio Division

262 West Nueva Street
San Antonio, TX 78207

CV-0

RECEIVED
'JUN 0 2 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK