IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA
                Plaintiff,

v.

DANIEL GILBERT FIELDS, NICHOLAS FERNANDEZ, and STRATEGIC FRANCHISE LEADS L.L.C, a New Jersey Limited Liability Company
                Defendants.

Case No. 5:24-cv-00440-OLG-HJB

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

Plaintiff Mark Anthony Ortega ("Plaintiff") respectfully submits this Opposition to the Request to Grant Defendants' Motion to Dismiss (ECF No. 47, hereinafter "Motion to Dismiss" or "MTD") filed by Defendant Nicholas Fernandez ("Fernandez") and purportedly by Defendant Strategic Franchise Leads LLC ("Strategic LLC"). For the reasons set forth herein, the portion of the Motion to Dismiss filed on behalf of Strategic LLC should be stricken as procedurally improper, and the entirety of the Motion to Dismiss should be denied on its merits.

**I.    STRATEGIC FRANCHISE LEADS LLC IS IMPROPERLY REPRESENTED AND ITS PLEADING MUST BE STRICKEN**

As a threshold matter, the Motion to Dismiss is fatally flawed and must be stricken in its entirety. The Motion is jointly filed by Defendant Nicholas Fernandez ("Fernandez") and purportedly by Defendant Strategic Franchise Leads LLC ("Strategic LLC"). However, Strategic LLC, as a limited liability company, cannot appear pro se in federal court and must be represented by licensed counsel.

The Motion to Dismiss is signed by Johana Anton as "Owner of Strategic Franchise Leads LLC." (ECF No. 47 pg. 1). There is no indication that Ms. Anton is a licensed attorney admitted to practice before this Court, nor has any attorney entered an appearance on behalf of Strategic LLC. Therefore, Strategic LLC's attempt to participate in this Motion pro se through its owner is impermissible.

Critically, the Motion to Dismiss is presented as a unified document, with arguments and assertions made collectively on behalf of both "Defendants." (ECF No. 47, passim). The arguments are so intertwined and undifferentiated that it is impossible for Plaintiff or this Court to parse which specific contentions are being advanced solely by Defendant Fernandez, and which are advanced by or on behalf of the improperly represented Strategic LLC. For instance, the "Background of Strategic Franchise Leads" (ECF No. 47 pg. 2) is clearly information pertaining to the LLC, and many of the denials and characterizations of events throughout the motion are made in a collective voice.

Given that a substantial portion, if not the majority, of the Motion is attributable to or made on behalf of Strategic LLC, which is improperly before the Court in this filing, the entire Motion is defective. It would be an inefficient use of judicial resources and prejudicial to Plaintiff to attempt to salvage portions of a motion so deeply compromised by improper representation. The proper course is to strike the Motion in its entirety, requiring any future motions to be filed in compliance with federal rules of representation.

Accordingly, Plaintiff respectfully requests that the Court strike the Motion to Dismiss in its entirety due to the improper pro se representation of Defendant Strategic LLC and the inextricably intertwined nature of the arguments presented. Alternatively, should the Court decline to strike the entire motion, Plaintiff requests that, at a minimum, the portion of the Motion

attributable to Strategic LLC be stricken, and Strategic LLC be ordered to obtain counsel by a date certain.

## II. THE MOTION TO DISMISS LACKS MERIT AND PLAINTIFF'S COMPLAINT STATES VALID CLAIMS FOR RELIEF

Should the Court consider the merits of the Motion to Dismiss as filed by Defendant Fernandez, or if Strategic LLC properly refiles through counsel, the Motion should be denied because Plaintiff's Second Amended Complaint (ECF No. 26 herein as "SAC") states plausible claims for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Business and Commerce Code, Chapter 302.

**A. Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. To survive a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8.

Thus, to qualify for dismissal under Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998).

In assessing a Motion to Dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 7484 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**B. Plaintiff Has Stated a Valid Claim Under the TCPA (47 U.S.C. § 227(c))**

Defendants erroneously argue that Plaintiff's TCPA claim fails because Plaintiff "pleads connected on only one phone call and one follow up email that Ortega himself requested." (ECF No. 47, pgs 4, 5). This mischaracterizes both Plaintiff's allegations and the TCPA.

The TCPA, 47 U.S.C. § 227(c)(5), provides a private right of action for persons who have received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection. Plaintiff's SAC clearly alleges that "From October 5, 2023 to March 14, 2024, Plaintiff received thirteen (13) calls originating from phone numbers associated with both the carrier Onvoy, and the 830 area code." (ECF No. 26 ¶ 17). Plaintiff further alleges his number was registered on the National Do Not Call Registry for over twelve years and he never granted consent. (ECF No. 26 ¶¶ 15-16). These allegations plainly state a violation of the TCPA's DNC provisions, as Defendants initiated far more than one call. The fact that Plaintiff only answered the thirteenth call (ECF No. 26 ¶ 17) is irrelevant to the number of calls initiated by Defendants in violation of the statute. The subsequent email was a direct result of the telemarketing call initiated by Defendants. (ECF No. 26 ¶¶ 19-20).

## C. Plaintiff Has Stated a Valid Claim Under the Texas Business and Commerce Code § 302.101

Defendants argue that Strategic LLC was not a "seller" and that the service was "no cost, no obligation." (ECF No. 47 pg. 4). These arguments fail as the Texas Business and Commerce Code § 302.101 makes it a violation for a "seller" to make a telephone solicitation to a purchaser in Texas without proper registration. A "telephone solicitation" includes a call "to induce a person to purchase, rent, claim, or receive an item." Tex. Bus. & Com. Code § 302.001(7). Plaintiff's SAC alleges that Defendant Fernandez, acting for Defendants, contacted Plaintiff "attempting to sell Plaintiff a franchise opportunity." (ECF No. 26 ¶ 18). This clearly falls within the definition of a telephone solicitation intended to induce the purchase of an item. (ECF No. 26 ¶ 34). The claim that it was "no cost, no obligation" to learn more does not negate the ultimate purpose of selling a franchise.

Furthermore, Plaintiff alleges that "none of the Defendants were registered as telephone solicitors in Texas at the time of the calls, as required by Tex. Bus. & Com. Code § 302.101." (ECF No. 26 ¶¶ 23, 38). These allegations are sufficient to state a claim.

## D. Defendants' Other Assertions Are Factual Disputes or Irrelevant at the Pleading Stage

Defendants' Motion is replete with factual assertions that contradict the SAC, such as claims about Plaintiff's interest level, what was said during the call (ECF No. 47, pg. 3), and denials of agency (ECF No 47, pg. 5). These are factual disputes not properly resolved on a motion to dismiss, where Plaintiff's well-pleaded allegations must be taken as true. For example, Plaintiff alleges Defendant Fernandez acted as an agent (ECF No. 47 ¶ 22), which is a permissible allegation at this stage.

Finally, Defendants' Motion to Dismiss is deficient as it lacks a certificate of service as required by Federal Rule of Civil Procedure 5(d), further demonstrating a disregard for proper court procedure.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Mark Anthony Ortega respectfully requests that this Honorable Court:

1. **STRIKE** the Defendants' Motion to Dismiss in its entirety.

2. In the alternative, if the Court does not strike the entire Motion, **STRIKE** the Motion to Dismiss as it pertains to Defendant Strategic Franchise Leads LLC and order Strategic Franchise Leads LLC to obtain counsel by a date certain; and

3. In any event, **DENY** any portion of the Motion to Dismiss that the Court deems properly before it because Plaintiff's Second Amended Complaint states plausible claims for relief.

Dated: June 2, 2025

Respectfully submitted,

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, a true and correct copy of the foregoing Document was served upon the Defendants via First Class Mail, postage prepaid, to the address below and to the other Defendants through the CM/ECF system:

**Strategic Franchise Leads L.L.C.**
720 West Rockview Avenue,
North Plainsfield, NJ 07060

**Nicholas Fernandez**
720 West Rockview Avenue,
North Plainsfield, NJ 07060

**Simon W. Hendershot, III**
SBN: 09417200
trey@hchlawyers.com
**Carolyn Carollo**
SBN: 24083437
ccarollo@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
**ATTORNEYS FOR DEFENDANT DANIEL GILBERT FIELDS**

                                                            */s/ Mark Anthony Ortega*
                                                            Mark Anthony Ortega