UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | SA-24-CV-440-OLG (HJB) |
| DANIEL GILBERT FIELDS, NICHOLAS FERNANDEZ, and STRATEGIC FRANCHISE LEADS, LLC, | | |
| Defendants. | | |

**ORDER**

The matter before the Court is the status of the above case, in which pretrial and scheduling matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 3.) The Court has already directed the entry of default as to one Defendant in this case (*see* Docket Entry 56); it now appears that the entry of default is appropriate with regard to the remaining Defendants as well.

There are three Defendants in this case; none have counsel. The first Defendant, Strategic Franchise Leads, LLC never hired counsel; as an LLC cannot represent itself, the Court ordered the entry of default against this Defendant on October 30, 2025. (*See* Docket Entry 55.) The next Defendant, Nicholas Fernandez, was ordered to (1) appear through counsel or (2) provide his address, e-mail address, and phone number. (Docket Entry 53, at 2 (citing Fed. R. Civ. P. 11(a)).) Fernandez did not respond, and so the Court ordered him to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 16(f)(1)(C); Fernandez was specifically warned that default judgment was a sanction that could be considered. (Docket Entry 57, at 2.) Fernandez again has failed to respond.

The third Defendant is Daniel Fields. Fields was initially represented by counsel, who has since withdrawn from the case. (*See* Docket Entry 51.) Fields was ordered to advise the Court whether he would hire new counsel or represent himself; he was also ordered to respond to Plaintiff's motion to compel discovery. (*See* Docket Entries 51, 52, and 53.) Fields complied with neither order; accordingly, the Court granted the motion to compel (Docket Entry 52) as unopposed, and warned Fields that if he did not produce the required discovery, he could face additional sanctions, including the entry of default judgment. (Docket Entry 54.) Plaintiff subsequently filed a motion for sanctions and entry of default judgment against Fields, asserting that he did not comply with the Court's discovery order. (Docket Entry 58.) Fields has failed to respond to that motion as well.

Based on the foregoing, it appears that, despite repeated warnings, Fernandez and Fields have no intention of defending themselves against the claims in Plaintiff's complaint; accordingly, the entry of default is appropriate under Federal Rule of Civil Procedure 55(a).

It is therefore **ORDERED** as follows:

1) Plaintiff's Motion for Sanctions and Entry of Default Judgment (Docket Entry 58) is **GRANTED IN PART**, in that the Clerk of the Court is **DIRECTED** to enter default against Defendant Fields. Plaintiff's motion is otherwise **DENIED**.

2) The Clerk of Court is likewise **DIRECTED** to enter default against Defendant Fernandez.

3) Plaintiff must file a motion for default judgment against all three Defendants **on or before January 5, 2026**.

**SIGNED** on December 4, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge